# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**GUARNATA ZEANA BOURJOLLY,**

        **Plaintiff,**

v.                                                                                               **Case No: 6:25-cv-15-DCI**

**WERNER AUTOMOTIVE HOLDINGS**
**et al.,**

        **Defendants.**
_____/

# ORDER

Guarnata Zeana Bourjolly (Plaintiff), proceeding *pro se*, brought this case against Werner Automotive Holdings, LLC (Werner), Wells Fargo Bank, N.A. (Wells Fargo), Raul Gomila (Gomila), Mark T. Haney (Haney), Joseph Rossi (Rossi), and Rick Boucher (Boucher) for alleged violations of the Truth in Lending Act and other laws.  Doc. 1.  By Order dated May 29, 2025, the District Judge assigned to the case dismissed without prejudice Plaintiff's claims against Defendants Rossi and Boucher for failure to serve in accordance with Federal Rule of Civil Procedure 4(m) and directed the Clerk to terminate Defendants Boucher and Rossi from the case.  Doc. 45.

The remaining parties have consented to the IDEAL program and pending before the undesigned is Defendant Wells Fargo's Motion to Dismiss (Doc. 25, the Motion to Dismiss) and Defendants Werner, Gomila, and Haney's Motion to Quash Service of Process and Motion to Dismiss for Insufficiency of Service of Process.  Doc. 28 (the Motion to Quash).  Defendants Werner, Gomila, and Haney have also filed a "Notice of Joinder and Adoption of Arguments in

Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint" and state that they join, adopt, and incorporate the Motion to Dismiss. Doc. 35 (the Notice of Joinder).

As an initial matter, Defendants Werner, Gomila, and Haney do not cite to a rule or law that permits them to "join" a motion to dismiss. *See* Doc. 35. If Defendants seek dismissal asking they must do so in accordance with Local Rule 3.01(a)—the Local Rules do not permit such joinder or incorporation. *See* Local Rule 3.01(f) ("NO INCORPORATION BY REFERENCE. A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief."). As such, the Notice of Joinder is due to be stricken.

In any event, the Motion to Dismiss and the Motion to Quash are both due to be denied because Defendants fail to comply with Local Rule 3.01(g). The Court requires that a movant confer with the opposing party in a good faith effort to resolve a motion and include a "Local Rule 3.01(g) Certification" at the end of the motion. Local Rule 3.01(g)(1) and (2). Defendants did not include the required certification in either Motion and, therefore, they are not entitled to the respective relief.

The Court, however, has conducted a *sua sponte* review of the Complaint and has determined that it is due to be dismissed as a shotgun pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation omitted). There are four basic categories

of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*.").

Here, the Complaint is a hybrid of the first and fourth categories. For each of the five counts "Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein." Doc. 1. This manner of pleading falls squarely within the first category of impermissible shotgun pleading. With respect to the fourth category, Plaintiff alleges that Defendants violated his rights and caused harm but does not specify which allegations apply to which Defendant. Plaintiff brings five counts for relief against multiple defendants, but it is not clear how each of the Defendants are allegedly liable for the various violations. Plaintiff's organization of the Complaint prevents a reader from knowing which allegations are intended to support which claim against each Defendant. Thus, Plaintiff has not sufficiently put Defendants on notice of the claims against them.

Also, Plaintiff includes a count for fraudulent misrepresentation wherein he asserts that Defendants "knowingly and intentionally misrepresented material facts in the Retail Installment Sale Contract to induce Plaintiff to enter into the transaction." Doc. 1 at 4. But "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). And a claim for fraudulent misrepresentation must be pled with particularity under Rule 9(b). *Brooks v. Brooks Consultants, Inc.*, 2022 WL 18492552, at *8 (M.D. Fla. Nov. 7, 2022), *report and recommendation adopted by*, 2023 WL 3121344 (M.D. Fla. Jan. 12, 2023) (citing *V.C. v. Evenflo Co., Inc.*, 2020 WL 5803097, at *2 (M.D. Fla. Mar. 20, 2020)). Plaintiff's vague allegations do not satisfy Rule 9(b) and, therefore, the claim is due to be dismissed.

Despite the deficiencies of the Complaint, a *pro se* plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). Here, the Court finds that Plaintiff is entitled to an opportunity to amend.

Based on the foregoing, it is **ORDERED** that:

1. the Motions (Docs. 25, 28) are **DENIED without prejudice**;
2. the Notice of Joinder (Doc. 35) is **STRICKEN**;
3. the Complaint (Doc. 1) is **DISMISSED** with leave to amend;
4. **on or before July 3, 2025**, Plaintiff shall file an amended complaint that corrects the deficiencies of the Complaint as set forth in this Order. **The failure to file the amended complaint within the allotted time may result in the dismissal of this case without further warning.**

**ORDERED** in Orlando, Florida on June 13, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties