**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GUARNATA ZEANA BOURJOLLY,**

      **Plaintiff,**

v.                                                            **Case No: 6:25-cv-15-DCI**

**WERNER AUTOMOTIVE HOLDINGS**
**et al.,**

      **Defendants.**

# ORDER

Guarnata Zeana Bourjolly (Plaintiff), proceeding *pro se*, brings this case against Werner Automotive Holdings, LLC (Werner), Wells Fargo Bank, N.A. (Wells Fargo), and Raul Gomila (Gomila), and Mark T. Haney (Haney) for alleged violations of the Truth in Lending Act (TILA), the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), the Uniform Commercial Code (UCC), and other laws. Doc. 49.[1] The parties have consented to the jurisdiction of the undersigned magistrate judge via the IDEAL program. Pending before the undersigned are Defendants' respective Motions to Dismiss the Amended Complaint. Docs. 50, 51, 52 (the Motions to Dismiss).[2]

The Court finds that the Amended Complaint is due to be dismissed as a shotgun pleading.

---

[1] By Order dated May 29, 2025, the District Judge assigned to the case dismissed without prejudice Plaintiff's claims against Defendants Rossi and Boucher for failure to serve in accordance with Federal Rule of Civil Procedure 4(m) and directed the Clerk to terminate Defendants Boucher and Rossi from the case. Doc. 45.

[2] Wells Fargo requests that the Court strike the Amended Complaint as a shotgun pleading or, in the alternative, dismiss for failure to state a claim. Doc. 52.

I. **Procedural Background**

By Order dated June 13, 2026, the Court denied Defendants' Motion to Dismiss the initial Complaint and Motion to Quash because Defendants failed to comply with Local Rule 3.01(g). Doc. 48. Even so, the Court *sua sponte* reviewed the initial Complaint and determined that it was due to be dismissed as a shotgun pleading. Doc. 48. The Court directed Plaintiff to file, on or before July 3, 2025, an amended pleading to correct deficiencies in the pleading. *Id*.

On or about July 30, 2025, Plaintiff filed the Amended Complaint (Doc. 49), and Defendants' Motions to Dismiss followed. Docs. 50, 51, 52. Plaintiff did not file a timely response to the Motions, and the Court directed Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Doc. 53. Plaintiff then filed a single response to the Motions to Dismiss. Doc. 58. Plaintiff stated that the delay in responding related to a personal matter and sought for the Court to consider her response. *Id*. at 2. The Court granted Wells Fargo leave to file a reply,[3] but Wells Fargo did not file the reply. *See* Docs. 59, 60. Accordingly, the matter is now ripe for review.

II. **Standard**

Defendants argue that the Amended Complaint is due to be dismissed because it is inadequately pled. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[3] Plaintiff filed an untimely response in opposition to Wells Fargo's request. Doc. 61. *See* Local Rule 3.01(d).

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Trustees of Cent. Fla.*, 77 F.3d 364, 366 (11th Cir. 1996). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland*, 792 F.3d at 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

### III.   Discussion

As an initial matter, at least some of the Defendants request dismissal of the Amended Complaint because it was untimely filed. Docs. 50, 51.[4] Specifically, Plaintiff failed to file the pleading on or before the July 3, 2025 deadline the Court set for the filing. *Id*. Even though Defendants are correct that the filing was late, the Court will not dismiss the case at this time based on the violation of the Court Order. Plaintiff states in the Response that the "delay resulted from a sudden family tragedy, was minimal, caused no prejudice, and was promptly cured with an extension." Doc. 58 at 2.

Plaintiff does not expressly seek an extension, but the Court finds that Plaintiff has offered good cause for the delay. The Court notes, however, that Plaintiff has twice cited to the personal

---

[4] Wells Fargo mentions that the Amended Pleading is untimely but does not seem to move for dismissal based on this ground. *See* Doc. 52.

matter as a justification for a late filing (*see also* Doc. 54),[5] and the Court will not grant another extension absent exceptional circumstances.

Timeliness aside, Wells Fargo also contends that the Amended Complaint is an impermissible shotgun pleading. Doc. 52. The Court agrees. Like the initial Complaint, Plaintiff again "incorporates by reference all preceding paragraphs as though fully set forth herein." Doc. 49 at 7 to 11. The Court dismissed the initial Complaint in part based on this same defect, and Plaintiff has not cured the problem. The repetitious incorporation of all paragraphs in both pleadings makes it impossible for Defendants to adequately respond to the claims.

For example, in Count VI, Plaintiff alleges a violation of the UCC and claims that "Wells Fargo failed to provide contract itemization upon Plaintiff's request." Doc. 49 at 10. Plaintiff cites to U.C.C. § 2-302 and Florida statutes sections 672.302 and 679.210 in support of the cause of action. *Id*. As such, it seems that Plaintiff brings the claim against Wells Fargo based on a specific statutory violation. *Id*. Yet, Plaintiff also incorporates into this count all the "preceding" allegations offered in support of the TILA, fraudulent misrepresentation, unjust enrichment, FDUPTA, and "Securitization Disclosure Violation" claims. *Id*. And, while not clear, it seems that Plaintiff brings the preceding counts against the other Defendants for violations that have nothing to do with the UCC or Florida statutes. Accordingly, the reader cannot determine if Count VI is solely against Wells Fargo or the grounds upon which the claim rests.

Also, Werner points out that Plaintiff does not identify Werner as the party responsible for any of the federal claims set forth in Counts V, VI, and VII where Plaintiff appears to refer only to Wells Fargo. Doc. 50 at 8. Werner argues that "[t]he absence of any specific allegations tying

---

[5] Plaintiff advised the Court that she was "unable to timely respond to the Defendants' motions due to an unexpected and traumatic family tragedy." Doc. 54 at 2.

[Werner] to the alleged federal violations underscores the lack of essentiality and factual foundation for those claims." *Id*. Werner does not contend that the Amended Complaint is shotgun in nature, but its argument emphasizes the point. Namely, since Plaintiff incorporates the preceding paragraphs which *do* reference Werner, it is impossible to ascertain who Plaintiff brings Counts V, VI, and VII against.

Further, Plaintiff has amended the pleading to some extent to clarify which allegations relate to which Defendant, but the Amended Complaint is still woefully deficient in this area. Specifically, Plaintiff mentions Werner and Wells Fargo by name at times, but then generically references "Defendants" in other paragraphs leaving unclear which claims relate to which Defendants. Indeed, Haney and Gomila—the individual Defendants—assert that Plaintiff names them in the case caption as parties but does not include "factual allegations or legal claims against them whatsoever." Doc. 51 at 2. Since Plaintiff refers to "Defendants" throughout the pleading and incorporates preceding paragraphs in all counts, it is not possible to determine the nature of Plaintiff's claims against those individuals.

Based on the foregoing, the Court finds that the Amended Complaint is due to be dismissed. While Plaintiff has failed to correct some of the issues the Court identified in its dismissal of the initial Complaint, the Court finds that Plaintiff should be given one last opportunity to amend the pleading. Due to the shotgun nature of the Amended Complaint, the Court is unable to decide whether a more carefully drafted complaint might state a claim upon which relief can be granted.

Finally, Werner, Gomila, and Haney seek attorney fees and costs pursuant to 28 U.S.C. § 1927 or, alternatively, an imposition of sanctions under Federal Rule of Civil Procedure 11 because Plaintiff's pleadings are allegedly unsupported and frivolous. Doc. 50, 51. Defendants contend

that Plaintiff's affidavit and the attached contract contradict her claims, and Defendants have incurred unnecessary legal fees defending the baseless complaint. *Id*.

The Court will not decide whether fees or sanctions are warranted at this juncture because the pleading is insufficient for the reasons stated in this Order. Defendants, however, can raise the request for relief again upon review of Plaintiff's revised pleading, if appropriate, and Plaintiff should note that exhibits control if they conflict with allegations. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

Based on the foregoing, it is **ORDERED** that:

1. the Motions to Dismiss (Docs. 50, 51, 52) are **GRANTED in part** to the extent that the Amended Complaint (Doc. 49) is **DISMISSED** as a shotgun pleading. The remainder of the Motions (Docs. 50, 41, 52) are **DENIED without prejudice**; and

2. **on or before January 27, 2026**, Plaintiff shall file a second amended complaint that corrects the deficiencies of the Amended Complaint as set forth in this Order, to the extent that Plaintiff can do so in compliance with Federal Rule of Civil Procedure 11. **The failure to correct the deficiencies <u>or</u> file the second amended complaint within the allotted time may result in the dismissal of this case without further warning.**

**ORDERED** in Orlando, Florida on January 12, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties