**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GUARNATA ZEANA BOURJOLLY,

        **Plaintiff,**

v.                                            **Case No: 6:25-cv-15-DCI**

WERNER AUTOMOTIVE HOLDINGS
et al.,

        **Defendants.**

                                                  /

## ORDER

Guarnata Zeana Bourjolly (Plaintiff), proceeding *pro se*, brings this case against Werner Automotive Holdings, LLC and Wells Fargo Bank, N.A. for "Securitization Violation," fraudulent inducement, unjust enrichment, and violations of the Truth in Lending Act, the Florida Deceptive and Unfair Trade Practices, the Fair Debt Collection Practices Act, and the Uniform Commercial Code (UCC).  Doc. 63.[1]  The parties have consented to the IDEAL program, and pending before the Court are the remaining Defendants' respective Motions to Dismiss the Second Amended Complaint (Docs. 64, 66) and Plaintiff's Motion for Leave to File a Third Amended Complaint. Doc. 73 (the Motion to Amend).

The Court finds that the Second Amended Complaint is due to be dismissed without leave to amend.

---

[1] On May 29, 2025, the District Judge dismissed without prejudice Plaintiff's claims against Defendants Rossi and Boucher for failure to serve in accordance with Federal Rule of Civil Procedure 4(m) and directed the Clerk to terminate Defendants Boucher and Rossi from the case. Doc. 45.

## I.    Procedural Background

By order dated June 13, 2026, the Court denied Defendants' motions to dismiss the initial Complaint because Defendants failed to comply with Local Rule 3.01(g).  Doc. 48.  Even so, the Court *sua sponte* dismissed the Complaint as a shotgun pleading and directed Plaintiff to file an amended complaint to correct the identified deficiencies.  *Id*.  On or about July 30, 2025, Plaintiff filed the Amended Complaint, and Defendants' second round of motions to dismiss followed.  Docs. 49 to 52.[2]

On January 12, 2026, the Court granted Defendants' request for relief in part to the extent that the Court agreed dismissal was appropriate because the amended pleading was still shotgun in nature.  Doc. 62.  The Court gave Plaintiff another opportunity to file a proper pleading but warned that the failure to comply could result in the dismissal of the case.  *Id*. at 6.  Plaintiff has since filed a Second Amended Complaint but again fails to comply with the Court's directive to cure the deficiencies identified in the Court's orders.  *See* Doc. 63.

## II.    Standard

As explained in the June 13, 2025 and January 12, 2026 orders, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  And a shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to

---

[2] Plaintiff did not file a timely response to the motions, and the Court directed Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Doc. 53. Plaintiff eventually filed a Response in opposition to the motions to dismiss and stated that the delay related to a personal matter.  Doc. 58 at 2.  Plaintiff, therefore, requested that the Court consider her opposition. *See id*.

support which claim(s) for relief." *Anderson v. District Bd. of Trustees of Cent. Fla.*, 77 F.3d 364, 366 (11th Cir. 1996).

There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland*, 792 F.3d at 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings "for imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr. N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010) (collecting cases). Indeed, shotgun pleadings require the court to sift through allegations to separate meritorious claims resulting in a "massive waste of judicial and private resources." *Id*.

### III.    Discussion

Plaintiff's Second Amended Complaint suffers from the same fatal flaw as the initial Complaint and the Amended Complaint, as Plaintiff continues to impermissibly incorporate into each count for relief all preceding paragraphs. In other words, Plaintiff has submitted another shotgun pleading. As the Court has already explained to Plaintiff, "the repetitious incorporation of all paragraphs in both pleadings makes it impossible for Defendants to adequately respond to the claims." Doc. 62 at 4. In the Second Amended Complaint, Plaintiff brings seven counts for relief and each count "incorporates" or repleads the factual background along with the allegations

set forth in all preceding counts. *See* Doc. 63 at 4 to 7. As such, the nature of Plaintiff's claims is still unclear.

For example, Plaintiff alleges in Count I that both Defendants violated the Truth in Lending Act by failing to disclose accurate finance charges, cancel the loan, and refund Plaintiff's down payments. Doc. 63 at 6. In Count II, Plaintiff claims that Defendant Wells Fargo alone violated the Fair Debt Collection Practices Act when it continued to collect and report Plaintiff's account after "recission." *Id*. As such, Count II seems to be based on Defendant Wells Fargo's collection practices and has nothing to do with the collective Defendants' failure to disclose alleged in Count I. Plaintiff, however, also incorporates the allegations of Count I into Count II, and, therefore, the breadth or scope of Count II is simply not clear. Counts III through VII are pled in the same problematic way.

While Defendants do not now necessarily raise the argument that dismissal is appropriate because of the shotgun pleading issue, district courts have a duty to *sua sponte* order repleading when faced with a complaint that can be characterized as "shotgun." *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. Sept. 2006) ("We also remind district courts of their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to adequately link a cause of action to its factual predicates."); *see also Smith v. Automatic Data Processing, Inc.*, 2021 WL 4148326, at *1, 5 (M.D. Fla. Sept. 13, 2021) (denying as moot motions to dismiss and dismissing *sua sponte* a complaint as a shotgun pleading); *M.H. v. Omegle.Com LLC*, 2021 WL 4935799, at *1 to 2 (M.D. Fla. Sept. 15, 2021) (denying as moot a motion to dismiss a complaint on the merits because the court found *sua sponte* that a complaint was a shotgun pleading). Since Plaintiff's Second Amended Complaint does not comply with the pleading requirements, the Court finds that it cannot stand.

The Court must also determine if it should give Plaintiff another opportunity to amend. When a district court dismisses a shotgun complaint on non-merits grounds for noncompliance with the Federal Rules of Civil Procedure, a court "must give the plaintiff one chance to remedy such deficiencies." *Jackson v. Bank of America, N.A.,* 898 F.3d 1348, 1358 (11th Cir. 2018) (citation omitted). But "[m]ultiple cases support the dismissal without leave to replead of a *pro se* pleading on shotgun pleading grounds where the *pro se* plaintiff has been advised of the deficiencies in the pleading and has failed to correct them." *Behr v. Campbell*, 2022 WL 1176949, at *5 n.3 (S.D. Fla. Mar. 17, 2022) (collecting cases).

As discussed, Plaintiff has filed another impermissible shotgun pleading even though the Court dismissed the first and second pleadings for the same deficiency. Notably, the Eleventh Circuit has explained that "[i]n the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). And here, in two separate orders, the Court explicitly laid out for Plaintiff the definition of a shotgun pleading and the problems associated with pleading in that manner, and provided examples of why Plaintiff's counts for relief failed to give notice to Defendants. Docs. 48, 62.[3] The Court also

---

[3] In the January 12, 2026 order, the Court discussed the problem with shotgun pleadings by way of example as follows:

> For example, in Count VI, Plaintiff alleges a violation of the UCC and claims that "Wells Fargo failed to provide contract itemization upon Plaintiff's request." Doc. 49 at 10. Plaintiff cites to U.C.C. § 2-302 and Florida statutes sections 672.302 and 679.210 in support of the cause of action. *Id*. As such, it seems that Plaintiff brings the claim against Wells Fargo based on a specific statutory violation. *Id*. Yet, Plaintiff also incorporates into this count all the "preceding" allegations offered in support of the TILA, fraudulent misrepresentation, unjust enrichment, FDUPTA, and "Securitization Disclosure Violation" claims. *Id*. And, while not clear, it seems that Plaintiff brings the preceding counts against the other Defendants for violations that have nothing to do with the UCC or Florida statutes. Accordingly, the reader

- 5 -

warned Plaintiff that **"[t]he failure to correct the deficiencies <u>or</u> file the second amended complaint within the allotted time may result in the dismissal of this case without further warning."** Doc. 62 at 4. (emphasis in original).

Despite the guidance and warning, Plaintiff again filed the shotgun pleading.  The Court finds that the Second Amended Complaint is due to be dismissed without leave to amend as the Court "is not required to give a plaintiff endless chances to correct Rule 8 violations." *Shaprio v. Unum Life Ins. Co. of Am.*, 2018 U.S. Dist. LEXIS 50895, at *4 (S.D. Fla. Mar. 26, 2018) (citations omitted); *see also Aracena v. Gruler*, 347 F. Supp. 3d 1107, 1122 (M.D. Fla. 2018) (dismissing on alternative grounds an amended complaint where court previously *sua sponte* dismissed a shotgun pleading and granted leave to amend and the plaintiff continued to incorporate by reference all prior allegations rendering the amended complaint an impermissible shotgun pleading).

The Court notes that Plaintiff has recently filed the Motion to Amend and argues, in part, that the third amended complaint will cure the deficiencies associated with the shotgun pleading. Doc. 73 at 11 to 12.  But the Court has given Plaintiff multiple chances to do just that, and the Court is not inclined to provide another.  Federal Rule of Civil Procedure 15 states that, for amendments not filed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

---

cannot determine if Count VI is solely against Wells Fargo or the grounds upon which the claim rests.

*Id*. at 4.

However, leave to amend may be denied based on the factual circumstances of the case, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. . .." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court finds that Plaintiff has repeatedly failed to cure the deficiencies despite the Court's instruction, and a fourth chance to correct the same problem is not justified. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (finding that a district court did not abuse its discretion in denying a motion to amend a complaint when another amendment "would have led to the filing of [the plaintiff's] fourth complaint in five years of litigation" and the plaintiff's "'repeated failures to cure deficiencies by [previous] amendments' is an explicitly permitted reason for which the district court was entitled to deny his motion to amend") (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

Based on the Court's decision to *sua sponte* dismiss the Second Amended Complaint as a shotgun pleading, the Court will not reach the substance of Defendants' Motions to Dismiss including the argument that Defendants are entitled to fees and costs and sanctions under Federal Rule Civil Procedure 11 because Plaintiff's claims are legally and factually unsupported.

## IV.    Conclusion

Accordingly, it is **ORDERED** that:

1.  the Second Amended Complaint (Doc. 63) is **DISMISSED without prejudice** without leave to amend;

2.  the Motions to Dismiss (Docs. 64, 66) are **DENIED as moot**;

3.  the Motion to Amend (Doc. 73) is **DENIED**; and

4.   the Clerk is directed to close the case and terminate any pending motions.

**ORDERED** in Orlando, Florida on April 14, 2026.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 8 -